Behrooz P. Vida, SBOT No. 20578040
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
TEL: (817) 358-9977
FAX: (817) 358-9988
filings@vidalawfirm.com
ATTORNEYS FOR DEFENDANTS

Simon Hughes, SBOT No. 10230295
THE HUGHES LAW FIRM
13280 Northwest Freeway
No. F-400
Houston, TX, 77040
simon@hugheslegal.com
TEL: (713) 621-4500
FAX: (866) 397-9747
ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| IN RE: | § | |
| HRM HOLDINGS, LLC | § | CASE NO. 07-34692-SGJ-7 |
| Debtor(s) | § | |

_____

| | § | |
|---|---|---|
| SCOTT M. SEIDEL, TRUSTEE | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO.09-03184 |
| | § | |
| HOSPITAL RESOURCES MANAGEMENT | § | |
| LLC; HRM ANESTHESIA HOLDINGS LLC; | § | |
| FLORIDA HRM LLC; TEXAS HRM LLC; | § | |
| and HRM EMERGENCY HOLDINGS LLC | § | |
| Defendants(s) | § | |

_____

**DEFENDANTS' MOTION TO DISMISS**
**SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE SAID COURT:

HOSPITAL RESOURCES MANAGEMENT, LLC; HRM ANESTHESIA HOLDINGS LLC; FLORIDA HRM LLC; TEXAS HRM LLC; and HRM EMERGENCY HOLDINGS LLC (collectively "Defendants"), file this Motion to Dismiss Amended Original Complaint (the "Motion"), against SCOTT M. SEIDEL, TRUSTEE ("Trustee"), and would respectfully show the Court as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding.

3. This Motion is brought pursuant to Rules 12(b)(6), 12(e), 9(b) FED. R. CIV. P., made applicable to this proceeding via Bankruptcy Rules 7012, 7009, 9013 and 9014 FED. R. BANKR. P.

4. By an order entered on September 22, 2009, this Court conditionally denied Defendants' first Rule 12(b)(6) motion to dismiss against Trustee's First Amended Complaint.

5. This Court's order of September 22, 2009 specifically stated:

> **IT IS FURTHER ORDERED that Trustee shall plead all allegations of fraud with the requisite specificity mandated by the Bankruptcy Rules and the Fifth Circuit precedent.**

6. In his Second Amended Complaint, Trustee makes basically the same vague and general allegations which he made in the First Amended Complaint and again draws inferences from such general allegations which are not supported by law or facts.

## Rule 7012(b)(6) in General

7. Defendants in this motion as in their previous motion rely on *Green State Public Adjusters, Inc. v. Wood (In re Wood)*, 2009 Bankr. LEXIS 1728 (Bankr. N.D. Tex. June 29, 2009), for the standard relating to a Rule 7012(b)(6) motion.

## Deficiencies of the Second Amended Original Complaint

8. In their first motion to dismiss Defendants relied on Article 2.21 of the Texas Business Corporation Act and *SSP Partners v. Gladstrong Inv.*, 275 S.W.3d 444, 457 (Tex. 2008).

9. This Court made it very clear to Trustee that Trustee was being given an opportunity to replead and must plead his case in compliance with the pleading requirement in the Fifth Circuit.

10. The required elements for a false pretenses claim are:(1) knowing and fraudulent falsehoods, (2) describing past or current facts, (3) that were relied upon by the plaintiff. *See Int'l Beauty Prods., LLC v. Beveridge (In re Beveridge)*, 2009 Bankr. LEXIS 2225 at *34(Bankr. N.D. Tex. August 18, 2009). The required elements of fraud are: (1) defendants making representations; (2) at the time these representation were made they were known to have been false; (3) the representations were made with the intention and purpose to deceive the plaintiff; (4) that the plaintiff relied on such representations; and (5) that the plaintiff sustained losses as a proximate result of the representations. *Id.* at *35.

11. The following chart presents what the Trustee has verbatim incorporated from the First Amended Complaint into his Second Amended Complaint:

| Second Amended Complaint | First Amended Complaint |
| --- | --- |
| Paragraph #1 | Paragraph #1 |
| Paragraph #2 | Paragraph #2 |
| Paragraph #4 | Paragraph #8 |
| Paragraph #5 | Paragraph #9 |
| Paragraph #6 | Paragraph #10 |
| Paragraph #8 | Paragraph #11 |
| Paragraph #9 | 1st sentence of Paragraph #12 |
|  | 1st sentence of Paragraph #13 |
| Paragraph #10 | 2nd sentence of Paragraph #12 |
|  | Reworded Paragraph #14 |
| Paragraph #12 | Paragraph #15 |

| | |
|---|---|
| Paragraph #13 | Paragraph #16 |
| Paragraph #14 but for the last sentence | Paragraph #17 |
| Paragraph #16 | Paragraph #18 |
| Paragraph #17a | Paragraph #19b |
| Paragraph #17b | Paragraph #19c |
| Paragraph #17c | Paragraph #19d |
| Paragraph #17d | Paragraph #19e |
| Paragraph #17e | Paragraph #19f |
| Paragraph #17f | Paragraph #19g |

12.  Even though paragraph 3 of the Second Amended Complaint is new, it is basically a summary of paragraphs 4, 5, 6 and 7 of the First Amended Complaint.

13.  ==Paragraph 7 of the Second Amended Compliant presents Trustee's belief of the facts and are incorrect and could have been verified by reviewing the applicable documents.==

14.  Paragraph 9 of the Second Amended Compliant consists of the first sentence of paragraph 12 and first sentence of paragraph 13 of the First Amended Compliant plus an allegedly new allegation that being "HRM Holdings specifically did not inform creditor Larry C. Winstead that it was terminating business operations. (Larry Winstead alone was scheduled as a disputed creditor by Debtor. However, Larry Winstead's company, Clinical Data Management, LLC also has claims, although disputed)." Trustee's implied position that failure to give notice under § 11.052, Texas Business Organization Code, is either: (a) *per se* fraud, or (b) *prima facie* evidence of fraud, is not supported by common sense, the plain reading of the statute, logic or any case law. The Second Amended Complaint fails to state how it is that *all* Defendants are responsible for this alleged failure to give notice. Also, it does not explain how this alleged failure to give notice amounts to a fraudulent omission by *all* Defendants and were

omitted with an intent to deceive Larry Winstead and Clinical Data Management, LLC. Further, it does not state with specificity how Larry Winstead and his company, Clinical Data Management, LLC, whose claims are *disputed*, relied on such alleged omission. Finally, Trustee has failed to plead how the alleged reliance by Larry Winstead and Clinical Data Management, LLC, caused each to suffer damages.

15. Paragraphs 11 and 15 of the Second Amended Complaint are just rewording of Trustee's prior allegations and do not relate any new and specific facts. These paragraphs woefully fall short of pleading fraud with the required specificity.

16. Trustee's allegations in the updated paragraphs as well as paragraphs 18 and 19 of the Second Amended Complaint do not satisfy Rule 7009(b) because they do not "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why statements were fraudulent." *Southland Secs. Corp. v. Inspire Ins. Solutions, Inc*. 365 F.3d 362 (5th Cir. 2004); *see also Schaller Tel. Co. V. Golden Sky Sys.*, 298 F.3d 736, 746 (8th Cir. 2002).

17. Thus, in order to state a claim upon which relief can be granted, it is incumbent upon the Trustee to plead, with the requisite degree of specificity, facts which could establish that any or all of the Defendants committed an actual fraud, which could constitute such an abuse that it might warrant the imposition of liability. The Trustee has failed to meet this burden.

18. In addition to failing to plead the factual bases of fraud with the requisite degree of particularity, the Second Amended Complaint is still insufficient as a matter of law, because even if the remaining allegations are taken true, they fail to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants pray for an order of this Court, dismissing this adversary proceeding, and that Defendants be granted such other and further relief to which they may be entitled.

Respectfully submitted:

By: /s/ Behrooz Vida        October 13, 2009
Behrooz P. Vida
State Bar No. 20578040
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL:  (817) 358-9977
FAX: (817) 358-9988

AND

Simon Hughes
State Bar No. 10230295
THE HUGHES LAW FIRM
13280 Northwest Freeway, No. F-400
Houston, TX, 77040
EMAIL: simon@hugheslegal.com
TEL: (713) 621-4500
FAX: (866) 397-9747

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically.  Service was accomplished electronically and/or by first class mail to the parties indicated below.

William T. Neary
Office of the U.S. Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242

Robert M. Nicoud, Jr.
OLSON NICOUD & GUECK, LLP

1201 Main Street, Suite 2470
Dallas, Texas 75202

                By: /s/ Behrooz Vida          October 13, 2009
                    Behrooz P. Vida